```
 1  ERIC G. FERNANDEZ (No.269864)
    LAURIE HOWELL(No.098785)
 2  TFLG, A Law Corporation
    2121 2ND STREET, SUITE C105
 3  DAVIS, CA 95618
    TELEPHONE: (530) 750-3700
 4  FACSIMILE: (530) 750-3344
    eric.fernandez@dre-apc.com
 5
    Attorneys for Defendant/Movant
 6  U.S. BANK NATIONAL ASSOCIATION,
    as Trustee
 7
 8                  UNITED STATES DISTRICT COURT
 9                 CENTRAL DISTRICT OF CALIFORNIA
10                 WESTERN DIVISION - LOS ANGELES
11
12  ANDREW CAMERON BAILEY and    )  Case No. 2:11-cv-3227 GW(CWX)
    CONSTANCE BAXTER MARLOW,     )
13                               )  MEMORANDUM OF POINTS AND
             Plaintiffs,         )  AUTHORITIES IN SUPPORT OF
14                               )  MOTION TO REMAND CASE TO STATE
    v.                           )  COURT
15                               )  Date: 6/2/11
    U.S. BANK NA, as Trustee,    )  Time: 8:30 am
16  et al.,                      )  Ctrm: 10
                                 )  Judge: Hon. George H. Wu
17           Defendants.         )
                                 )     ORAL ARGUMENT NOT REQUESTED
18  _____)
```

19     U.S. BANK NATIONAL ASSOCIATION, as Trustee, designated as a

20  "Defendant" in this action (hereinafter "U.S. BANK"), submits the

21  following in support of its motion to remand to the Superior Court.

22                           **INTRODUCTION**

23     U.S. BANK is the Plaintiff in a state court unlawful detainer

24  action filed against ANDREW CAMERON BAILEY and CONSTANCE BAXTER

25  MARLOW (hereinafter "Plaintiffs") to recover possession of real

26  property located at 153 Western Avenue, Glendale, California (the

27  "Property") after a non- judicial foreclosure sale conducted in

28  August of 2010.

**MEMORANDUM OF POINTS AND AUTHORITIES**

As set forth in the documents filed herein, U.S. BANK filed the unlawful detainer complaint on March 9, 2011 (Exhibit A to the Notice of Removal). On March 18, 2011, Plaintiffs filed an answer to the complaint (Exhibit C to the Notice of Removal). On October 20, 2010, Defendant filed their Notice of Removal of the unlawful detainer, essentially in order to "consolidate" it with the separate action filed by Plaintiffs in this court, and thereby allowing Plaintiffs to obtain a free stay the trial of the unlawful detainer inasmuch as the Superior Court automatically acted on the removal and will not proceed without an order of remand from this Court.

**PLAINTIFFS HAVE FAILED TO ESTABLISH ANY FEDERAL QUESTION**

28 USC §1446 requires the party removing an action to federal court to demonstrate in the removal notice the basis for the removal. The removing party bears the burden of establishing that federal subject matter jurisdiction exists. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). There is a strong presumption against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); therefore, doubts about the removeability of a case must be resolved in favor of remanding it to state court. Id. In this case, Plaintiffs contend that removal is authorized on the ground that the separate action they filed alleges claims under various federal statutes, including the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act "TILA") and the Fair Debt Collection Practices Act ("FDCPA").[1] A reading of U.S. BANK's removed state court complaint, however, shows that it is solely an unlawful detainer action based on the statutory procedures for obtaining possession after a foreclosure sale. None

---

[1] The Complaint is actually titled "Verified Complaint to Quiet Title to Real Property."

**MEMORANDUM OF POINTS AND AUTHORITIES**                                     2

1 of the federal statutes alleged by Plaintiffs are anywhere
2 referenced in the complaint, nor are they relevant to it. Even
3 assuming for the sake of argument that Plaintiffs' assertions of
4 violations of these various laws and statutes were valid, they would
5 only be alleged defenses, which may not be considered part of the
6 pleadings for the purposes of determining whether a federal question
7 exists. <u>Rivet v. Regions Bank</u>, 522 U.S. 470, 475, 118 S. Ct. 921,
8 139 L. Ed. 2d 912 (1998). Further, there is no right to raise the
9 same as affirmative claims for relief in the action, as to do so
10 would destroy the summary nature of the unlawful detainer process.
11 See, e.g., <u>Vella v. Hudgins</u> (1977) 20 Cal.3d 251, 255 (although a
12 defendant may raise defenses to the conduct of the foreclosure sale,
13 affirmative claims of fraud and other wrongdoing are not
14 appropriate). This court is entitled to consider the purpose and
15 scope of the statutes governing the cause of action under the state
16 law in determining whether a pleading in fact satisfies the standard
17 for removal to federal court. See, <u>Rubel-Jones Agency, Inc. V. Jones</u>
18 165 F. Supp. 652 (WD Mo. 1958).

19    It should further be noted by this Court that Plaintiffs have
20 already had their day in court regarding their claims of statutory
21 violations and wrongdoing in connection with the foreclosure of the
22 Property. As stated in their complaint herein, Plaintiffs concede
23 that there was an Adversary Proceeding pending in the bankruptcy of
24 Plaintiff ANDREW CAMERON BAILEY (United States Bankruptcy Court for
25 the District of Arizona, Case No. 2:09-bk-06979-RTBP, Adversary Case
26 No. 2:09-ap-01727-RTBP).[2] What Plaintiffs fail to disclose to the
27
28        [2]Plaintiffs allege, at paragraph 17 of their complaint herein: "Plaintiff's companion Adversary Case No: 2:09-ap-01727-RTBP filed on December 23, 2009 against these same defendants was dismissed without discovery or evidentiary hearing."

**MEMORANDUM OF POINTS AND AUTHORITIES**                              3

1 Court is that an order issued on July 23, 2010, dismissing the
2 complaint in the Adversary Case *with prejudice* as a result of
3 Plaintiffs' inability to state any cause of action against Defendant
4 U.S. BANK regarding the foreclosure. A copy of the Bankruptcy
5 Court's order is attached hereto as Exhibit A.

**III.**

**A SUA SPONTE ORDER IS APPROPRIATE IN THIS CASE**

28 USC §1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the court must remand an action **sua sponte**." As the court acknowledged in Residential Funding Real Estate Holding, LLC v. Chavez, 2010 WL 3220065 (C.D. Cal. 2010), "a district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits" (citation omitted). This obligation to determine subject matter jurisdiction applies whether or not a party has filed a motion. See, Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995). Further, one Court has already determined that no bona fide claim exists against U.S. BANK. The filing of this case is in complete disregard of that order and should not be countenanced.

Dated: 4/29/11                    Respecfully submitted,

                                  TFLG, A Law Corporation


                                  By:  /s/ Eric G. Fernandez
                                  ERIC G. FERNANDEZ
                                  Attorney for Movant
                                  U.S. BANK NATIONAL ASSOCIATION,
                                  as Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**                    4