1  **ANDREW CAMERON BAILEY**
   **CONSTANCE BAXTER MARLOW**
2  153 Western Avenue
3  Glendale, CA 91201

4  Phone: (928) 451-2043
   Email: andrew@cameronbaxter.net
5
                    } **ORIGINAL**
6  *Plaintiffs in pro per*



FILED
CLERK, U.S. DISTRICT COURT
MAY 18 2011
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ANDREW CAMERON BAILEY<br>CONSTANCE BAXTER MARLOW<br><br>**Plaintiffs**<br><br>Vs<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR WFMBS 2006-AR2; WELLS FARGO BANK NA; WELLS FARGO HOME MORTGAGE; WELLS FARGO ASSET SECURITIES CORPORATION; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiffs' title thereto; and JOHN DOES "1-10" inclusive,<br>**Defendants** | CASE NO: CV11-3227 GW (CWx)<br><br>**NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES AND EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR MOTION TO CONSOLIDATE CASE NO. CV11-3770 GW (Ex) WITH CASE NO. CV11-3227 GW (CWx), MEMORANDUM OF POINTS AND AUTHORITIES, ORDER** |
|---|---|

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE,** pursuant to Civil Local Rules 3-12 and 7-11, Federal Rule of Civil Procedure 42(a), that Plaintiffs in the above-captioned case Andrew Cameron Bailey and Constance Baxter Marlow, acting in pro persona, hereby submit this administrative motion seeking an order as follows:

A. Case no. CV11-3227 GW (CWx) and the related case no. CV11-3770 GW (Ex) are consolidated for all purposes into one action, and the CV11-3770 GW (Ex) action shall be administratively closed.

B. Case no. CV11-3227 GW (CWx) will be the lead case. The existing Complaint shall be the operative complaint in the consolidated action.

This motion is supported by the Memorandum of Points and Authorities below and by all pleadings and papers on file in the actions.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

1. The cases "involve substantially the same parties, property, transaction or event" insofar as both cases involve the same parties, and state conflicting claims to the same real property, commonly known as 153 Western Avenue, Glendale, California 91201 (the "Property").

2. Under applicable legal standards, *US Bank National Association v. Bailey et al* Case No. CV11-3770 GW (Ex) should be related to and consolidated into *Bailey et al vs US Bank National Association et al*, Case No. CV11-3227 GW (CWx) and the *US Bank National Association v. Bailey et al* Case No. CV11-3770 GW (Ex) action should be administratively closed.

3. Andrew Cameron Bailey and Constance Baxter Marlow are the Plaintiffs in the above-captioned case and are the Defendants in *US Bank National Association v. Bailey et al* Case No. CV11-3770 GW (Ex).

4. Andrew Cameron Bailey and Constance Baxter Marlow hereby file this Administrative Motion to Relate and Consolidate Cases pursuant to Civil Local Rules 3-12 and 7-11, and Federal Rule of Civil Procedure 42(a).

**ARGUMENT**

5. Under Civil Local Rule 3-12, actions are related when: "(1) [t]he actions concern

NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES - 2

substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Here, these criteria are met.

6. First, in each case the principal parties are identical.

7. Second, the cases depend upon identical facts and evidence. The claims in *Bailey et al vs US Bank National Association et al*, Case No. CV11-3227 GW (CWx) and *US Bank National Association vs Bailey et al* CV11-3770 GW (Ex) arise from allegations that each adverse party has right of ownership and possession with respect to the Property.

8. The main issue in an Unlawful Detainer case is possession. The pending Quiet Title action over ownership will necessarily decide the issue of possession.

9. The Unlawful Detainer proceeding is summary in character. Ordinarily, only claims bearing directly upon the right of immediate possession are cognizable (Green v. Superior Court (1974) 10 Cal.3d 616, 631-634, 111 Cal.Rptr. 704, 517 P.2d 1168 at pp. 632-634, 111 Cal.Rptr. 704, 517 P.2d 1168; Knowles v. Robinson (1963) 60 Cal.2d 620, 625, 36 Cal.Rptr. 33, 387 P.2d 833; Cheney v. Trauzettel (1937) 9 Cal.2d 158, 159, 69 P.2d 832; see Cruce v. Stein (1956) 146 Cal.App.2d 688, 304 P.2d 118); Cross-complaints and affirmative defenses, legal or equitable, are permissible only insofar as they would, if successful, "preclude the removal of the tenant from the premises." (Green, supra, at p. 634, fn. 19, 111 Cal.Rptr. at p. 716, 517 P.2d at p. 1180; Union Oil Co. of Cal., supra, 4 Cal.App.3d at p. 725, 84 Cal.Rptr. 756.)

10. The pending quiet title action, if successful, will "preclude the removal of the tenant from the premises."

11. The Court should note that the Plaintiffs are not tenants of US Bank National Association. Plaintiffs are the resident owners and claim an adverse ownership interest in the Property.

12. Given the similarity of parties, factual allegations, and legal claims, there would be an unduly burdensome duplication of labor and expense as well as a significant danger of conflicting results if the cases are not related. Accordingly, pursuant to Civil Local Rule 3-12, *US Bank National Association v. Bailey et al* Case No. CV11-3770 GW (Ex) should

be deemed related to *Bailey et al vs US Bank National Association et al*, Case No. CV11-3227 GW (CWx)

**The Plaintiffs Have Not Had Their Day In Court**

13. The issues before this Court have not been fully litigated in any previous proceeding. The Plaintiffs in this quiet title action have not had their day in court. No discovery has yet been allowed or conducted and no evidentiary hearing has ever been held in the matter.

14. In Plaintiff Bailey's Chapter 11 proceedings, Case No. 2:09-bk-06979-RTBP, the loan servicer (Defendant Wells Fargo Home Mortgage, Inc) failed to fully and properly answer his "qualified written requests" pursuant to the federal Real Estate Settlement Procedures Act. Further, Bailey's properly submitted interrogatories and requests for production of documents were simply ignored.

15. In a 1977 decision by the California Supreme Court, the Court ruled that "[S]ection 1161a does not require a defendant to litigate, in a summary action within the statutory time constraints (§§ 1167, 1179a), a complex fraud claim involving activities not directly related to the technical regularity of the trustee's sale. In the absence of a record establishing that the claim was asserted and that the legal and factual issues therein were fully litigated, we conclude that the question of fraudulent acquisition of title was not foreclosed by the adverse judgment in the earlier summary proceeding.

[T]he sparse record presented to us fails to show either the precise nature of the factual issues litigated, or the depth of the court's inquiry. We decline to assume, given the summary character of this type of action, that the mere pleading of a defense without objection by the adverse party necessarily demonstrates adequate opportunity to litigate the defense." L.A. 30779. Supreme Court of California. Dec. 8, 1977. [20 Cal.3d 253]

16. Neither the Bankruptcy Court's granting of the motion for stay relief nor its dismissal of Bailey's adversary complaint foreclose relitigation of matters material to a determination of title except to the extent that the summary proceeding afforded the

Plaintiffs a full and fair opportunity to litigate such matters.

17. Discovery may well disclose that there are other parties who may have or may assert an interest in the Plaintiffs' property, including but not limited to the Federal Deposit Insurance Corporation and the United States Treasury.

18. Plaintiff Constance Baxter Marlow has never had a day in court. She has not had a fair adversary hearing in any sense. The instant complaint is her first.

**US Bank National Association v. Bailey et al No. CV11-3770 GW (Ex) Should Be Consolidated Into *Bailey et al vs US Bank National Association et al*, Case No. CV11-3227 GW (CWx)**

19. Under Federal Rule of Civil Procedure 42(a), a court may consolidate two or more actions if they "involve a common question of law and fact." "The district court has broad discretion under . . . Rule [42(a)] to consolidate cases pending in the same district." Investors Research Co. v. U.S. Dist. Ct. for Central Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989).

20. "[T]he main question for a court in deciding whether to consolidate is whether there is a common question of law or fact." Indiana State Dist. Council of Laborers & HOD Carriers Pension Fund v. Gecht, No. C 06-7274 EMC, 2007 WL 902554, at *1 (N.D. Cal. Mar. 22, 2007).

21. "The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact." Siegall v. Tibco Software, Inc., No. C 05-2146 SBA, 2006 WL 1050173, at *2 (N.D. Cal. Feb. 24, 2006).

22. Further, consolidation serves "to avoid inconsistent adjudications." Team Enters, LLC v. W. Inv. Real Estate Trust, No. 08-cv-00872 LJO, 2008 WL 4712759, at *1 (E.D. Cal. Oct. 23, 2008).

23. The court should consolidate *US Bank National Association v. Bailey et al* Case No. CV11-3770 GW (Ex) into *Bailey et al vs US Bank National Association et al*, Case No.

NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES - 5

CV11-3227 GW (CWx) for all purposes. As discussed above, these cases involve common questions of law and fact:

    i. First, all of the claims in each case arise from allegations that the parties have ownership rights and right of possession to the subject Property.

    ii. Second, the cases raise related and overlapping legal issues and causes of action.

24. Consolidation will neither prejudice nor inconvenience the parties or the Court. Indeed, given the virtually identical factual background and issues in *US Bank National Association v. Bailey et al* Case No. CV11-3770 GW (Ex) and *Bailey et al vs US Bank National Association et al*, Case No. CV11-3227 GW (CWx), consolidating these cases will avoid the significant possibility of inconsistent results.

25. Consolidation will also promote efficiency and economy by streamlining discovery, reducing duplicative motions and filings related to class certification proceedings, discovery matters, and other issues, and otherwise substantially reducing unnecessary and duplicative burden and expense.

**WHEREFORE**, the Plaintiffs in the above-captioned case Andrew Cameron Bailey and Constance Baxter Marlow hereby move this Court to consolidate the instant case no. CV11-3227 GW (CWx) and the related case no. CV11-3770 GW (Ex).

Respectfully submitted May 11, 2011

_____
**Andrew C. Bailey, Plaintiff Pro Se**

_____
**Constance B. Marlow, Plaintiff Pro Se**

NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES - 6

# ORDER

GOOD CAUSE APPEARING THEREFOR, the Court hereby orders that the actions *Bailey, et al. v. US Bank National Association et al,* Case No. CV11-3227 GW (CWx) and *US Bank National Association v. Bailey, et al* Case No. CV11-3770 GW (Ex) are related and are hereby consolidated into the earlier-filed *Bailey, et al. v. US Bank National Association, et al,* Case No. CV11-3227 GW (CWx)

**IT IS SO ORDERED.**

DATED: _____, 2011

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE