**ANDREW CAMERON BAILEY**
**CONSTANCE BAXTER MARLOW**
153 Western Avenue
Glendale, CA 91201

Phone: (928) 451-2043
Email: andrew@cameronbaxter.net

**ORIGINAL**



FILED
CLERK, U.S. DISTRICT COURT

JUN - 7 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

*Plaintiffs in pro per*

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANDREW CAMERON BAILEY**<br>**CONSTANCE BAXTER MARLOW**<br><br>**Plaintiffs**<br><br>Vs<br><br>U.S. BANK NA AS TRUSTEE FOR WFMBS 2006-AR2; WELLS FARGO BANK NA; WELLS FARGO HOME MORTGAGE; WELLS FARGO ASSET SECURITIES CORPORATION; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiffs' title thereto; and JOHN DOES "1-10" inclusive,<br>**Defendants** | **CASE NO: CV11-3227 GW (CWx)**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT TO QUIET TITLE**<br><br>Date:    June 30, 2011<br>Time:    8:30 am<br>Ctrm:    10<br><br>Complaint filed: April 15, 2011 |

Plaintiffs Andrew Cameron Bailey and Constance Baxter Marlow hereby Oppose

Defendants' Motion To Dismiss Plaintiffs' Complaint To Quiet Title (the "Motion") as set

forth below. This Opposition is based upon the following memorandum of points and

authorities, upon the pleadings and papers on file in this matter, which are incorporated

herein by this reference, and upon information and belief concerning evidentiary exhibits and documents yet to be produced by Defendants.

**INTRODUCTION**

The Defendants are asking this Court to dismiss the Plaintiffs' complaint for failure to state a claim upon which relief can be granted. The Court should deny the Motion, which fails to address the issues raised in the Complaint. The Plaintiffs have raised genuine issues of material fact which have not been fully and fairly adjudicated. The issues raised can be resolved with great efficiency at a minimum of expense, upon production of evidence much of which is in the sole custody of the Defendants. The Plaintiffs hereby ask this Court to order the Defendants to produce certain documents, including the Pooling and Servicing ("PSA") and related Agreements, the Custodial File which is presumably in the Trust's vault, and the accounting associated with the Plaintiffs' "loan" and the alleged securitization thereof, and certification that the custodial file and the promissory note have not been accessed or altered since the closing of the WFMBS 2006-AR2 Trust on February 27, 2006.

The Defendants have provided several hundred pages of exhibits in purported support of their position, but nothing submitted to date shows that they lawfully own the Note or have authority to enforce the security instrument. The exhibits contain no reference to the PSA and associated agreements, or any proof of compliance therewith. No accounting has been offered to prove the existence of the alleged default.

For the Court's convenience, Defendants provide a brief summary of the issues and arguments raised, which are set forth more fully in the Complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1.    The primary question before the Court does not concern mere physical possession or production of Plaintiffs' promissory note ("Note"). More importantly, it concerns, firstly, the lawful ownership and alleged securitization of the Note, and the apparent fact that the

securitization was never done, thereby defrauding the investors who purchased mortgage-backed securities in an empty trust, the borrowers, and the courts. It concerns the absence from the record of any proof that the Note was properly and timely endorsed to U.S. Bank National Association pursuant to the Pooling and Servicing Agreement and Prospectus in compliance with New York Trust Law and the terms of the IRS Code governing real estate mortgage investment conduits ("REMICs").

2.      Secondly, the Deed of Trust was indisputably not timely assigned to the WFMBS 2006-AR2 trust pursuant to the trust's PSA and Prospectus on or before February 27, 2006, in violation of NY Trust Law and the terms of the IRS Code governing REMICs. There is no evidence of timely lawful transfer of either the promissory note or the mortgage into the WFMBS 2006-AR2 trust.

3.      Taken together, the foregoing omissions and violations mean that the Plaintiffs' loan is not lawfully included in the WFMBS 2006-AR2 trust. Consequently U.S. Bank National Association as Trustee for the WFMBS 2006-AR2 trust lacks a perfected interest in the Plaintiffs' property, and therefore, no foreclosure sale and subsequent transfer of title by and among by these parties could be lawful. See for example In Re: Horace vs LaSalle Bank NA, March 25, 2011, Circuit Court of Russell County, Alabama, Case no. 57-CV-2008-000362.00 (finding that no securitization of the Horace loan occurred. The trustee for the securitization trust had no authority or standing to foreclose or take title. LaSalle Bank NA permanently enjoined from foreclosing.)

4.      Additionally, the foregoing violations mean that U.S. Bank National Association lacked authority to issue the limited power of attorney ("LPOA") to Wells Fargo Bank N.A., and to substitute the trustee. The Substitution of Trustee on record is defective and without force or effect.

5.     Consequently, as the Defendants and their attorneys knew or should have known, the Notice of Default and Notice of Trustee's Sale are defective, the August 24, 2010 Trustee's Sale is defective and void, and the Trustee's Deed Upon Sale is defective, void and fraudulent.

6.     Plaintiffs demand discovery, full disclosure, and a full accounting of all monetary transactions related to Plaintiffs' "loan". Plaintiffs specifically demand production of the sealed custodial file with proof of full compliance with the PSA and Prospectus, NY Trust Law and the IRS Code governing REMICs.

7.     Plaintiffs have not had their day in court. Plaintiffs have raised genuine issues of material fact. The issues raised have not been fully and fairly litigated. The doctrine of *res judicata* cannot be applied to the summary judgments which occurred in Plaintiff Bailey's Chapter 11 bankruptcy proceedings. (See for example <u>Vella v. Hudgins </u>(1977) 20 Cal.3d. 251, 572<u>*</u>). The instant Complaint is Plaintiff Marlow's first. "Full and fair" litigation is appropriate and necessary.

*In <u>Vella v. Hudgins</u> (1977) 20 Cal.3d. 251, 572, the Supreme Court of California declared: "[W]e are of the further opinion that section 1161a does not require a defendant to litigate, in a summary action within the statutory time constraints (§§ 1167, 1179a), a complex fraud claim involving activities not directly related to the technical regularity of the trustee's sale. In the absence of a record establishing that the claim was asserted and that the legal and factual issues therein were fully litigated, we conclude that the question of the fraudulent acquisition of title was not foreclosed by the adverse judgment in the earlier summary proceeding."

8.     The Plaintiffs do not deny that an obligation exists. However, on information and belief, the obligation is not owed to these parties, who are intermediaries who were paid in full immediately upon sale of the "loan", and who continue to make money from servicing

the "loan", from insurance proceeds, and other activities. The amount of the obligation owed remains unknown, in the absence of the full accounting demanded. On information and belief, the obligation has been satisfied in full or in part by third parties, including but not limited to payments by federal bailout, TARP, credit default swaps and other forms of insurance.

9.     Default has been alleged but not proven. No accounting has been provided to support a declaration of default. The PSA requires the servicer to provide ongoing payments to the investors, which on information and belief continue to this day. Therefore, no default has occurred to date.

10.     The Property was sold pursuant to a credit bid at Trustee's Sale on August 24, 2010. U.S. Bank National Association is not a bona fide creditor. U.S. Bank National Association does not have a perfected security interest in the Property. Only a bona fide creditor may purchase a property by credit bid. All others must pay cash pursuant to the terms of the trust deed. U.S. Bank National Association is therefore not a bona fide purchaser and the Trustee's Sale is void.

11.     As a Chapter 11 Debtor-in-Possession, Plaintiff Bailey has the rights and powers of the U. S. Trustee, and has the status of a bona fide purchaser of the Property.

12.     As set forth above, there are triable issues of material fact regarding the validity of the Deed of Trust, the succession of First American LoanStar Trustee Services as trustee under the Deed of Trust, the Notice of Default, the subsequent Trustee's Sale, and the Trustee's Deed Upon Sale.

13.     Defendants violated the Truth in Lending Act by failing to disclose all parties to the "loan" transaction, and they mis-identified parties on the loan documents. The party

identified as the "lender" in the loan documents, Wells Fargo Bank N.A. was in fact not the lender, who was and remains undisclosed. The funds for the "loan" were provided by an undisclosed party or parties (the lender) not Wells Fargo Bank NA.

14.     The Defendants violated California Civil Code § 2923.5. Defendants made no attempt to contact or negotiate with Plaintiffs prior to moving forward with foreclosure proceedings. The 2923.5 certificate provided by Defendants as evidence of compliance is unsigned and unexecuted, and no box is checked.

15.     Finally, Plaintiffs do not have to be beneficiaries of the PSA to raise the issue of the Trust's ownership of their loan. The Plaintiffs are not trying to enforce the Trust Agreement, they are simply showing that the foreclosing trust has no interest in the loan and consequently does not have standing. Standing is a threshold issue to any litigation and the Plaintiffs axiomatically have the right to raise it.

WHEREFORE, Plaintiffs request that this Court deny the Motion to Dismiss, and Order the production of evidence as set forth above.

Respectfully submitted June 3, 2011

_____
Andrew C. Bailey, Plaintiff, Pro Se

_____
Constance B. Marlow, Plaintiff, Pro Se

- 6-     Opposition to Motion to Dismiss Case No. CV11-3227 (GW (CWx)

**CERTIFICATE OF NOTICE**

**Copies of the foregoing mailed on June 3, 2011 to:**

Eric G. Fernandez, Esq.
TFLG ALC
2121 2nd Street Ste C105
Davis, CA 95618

Jarlath M. Curran, ll,
Suzanne M. Hankins,
Severson and Werson APC
19199 Von Karman Ave Ste 700
Irvine, CA 92612

_____
 Andrew C. Bailey, Plaintiff, Pro Se

_____
 Constance B. Marlow, Plaintiff, Pro Se