1  **ANDREW CAMERON BAILEY**
2  **CONSTANCE BAXTER MARLOW**
   153 Western Avenue
3  Glendale, CA 91201

4  Phone: (928) 451-2043
   Email: andrew@cameronbaxter.net
5

6  *Plaintiffs in pro per*



} **ORIGINAL**

FILED

7

8            IN THE UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10 | ANDREW CAMERON BAILEY | **CASE NO:** CV11-3227 GW (CWx)
11 | CONSTANCE BAXTER MARLOW | Hon. George H. Wu
   |                        | Courtroom 10 - Spring Street.
   | **Plaintiffs** |
12 |

13 | Vs |

14 | U.S. BANK NA AS TRUSTEE FOR
15 | WFMBS 2006-AR2; WELLS FARGO
   | BANK NA; WELLS FARGO HOME | **OBJECTION TO DEFENDANTS'**
16 | MORTGAGE; WELLS FARGO ASSET | **EXHIBITS, SUPPLEMENTAL**
   | SECURITIES CORPORATION; and all | **MEMORANDUM IN SUPPORT OF**
17 | persons claiming by, through, or under such | **PLAINTIFFS' COMPLAINT,**
   | person, all persons unknown, claiming any | **OBJECTION TO DECLARATION OF**
18 | legal or equitable right, title, estate, lien, or | **JARLATH M. CURRAN II.**
   | interest in the property described in the
19 | complaint adverse to Plaintiffs' title thereto;
   | and JOHN DOES "1-10" inclusive,
20 | **Defendants**

21

22 Plaintiffs Andrew Cameron Bailey and Constance Baxter Marlow Object to each and all of

23 the Documents and Exhibits filed by the Defendants in this matter, for the reasons and

24 grounds set forth below. Further, Plaintiffs ask the Court to note that despite judicial notice

25 requested of the several hundred pages of exhibits thus far submitted by the Defendants,

1  judicial notice does not mean that the contents of the exhibits shall be taken by this Court as
2  authentic, true or effective. Plaintiffs ask the Court to note that Defendants have failed to
3  provide any admissible documentation that supports their position that they are a holder in
4  due course or a real party in interest. Plaintiffs object to the declaration of Jarlath M. Curran
5  II as set forth below.

6  **Supplemental Memorandum and Argument**

7  1. Plaintiffs executed a purported mortgage loan transaction (the "loan") on or about
8  November 17, 2005 with Defendant Wells Fargo Bank, NA (WFB) an entity that Plaintiffs
9  believed in good faith to be the actual lender in a conventional loan transaction. Plaintiffs
10  have now learned the truth, that WFB was not the lender, but was in fact the sponsor in a
11  securities investment scheme among undisclosed parties. WFB did not fund the "loan." The
12  lender and funder of the "loan" was an undisclosed and as-yet-unidentified investor in
13  mortgage-backed securities. The transaction was not a loan transaction, it was an unlawful
14  and undisclosed conversion to a securities investment offering.

15  2. It is undisputed that Plaintiffs' "loan" was securitized, a fact with profound consequences
16  upon the nature and effect of the transaction and the ownership of the Note and the security
17  instrument. The fact of the securitization was initially withheld from the borrower and the
18  courts.

19  3. On information and belief, however, the alleged securitization was never properly carried
20  out, as evidenced by the Defendants' own exhibits. The chain of title is broken and the
21  record is devoid of any documentary or declaratory evidence that Defendants complied with
22  the terms of their own Trust Agreements and with the New York Trust Law governing
23  those agreements.

24
25  4. The "loan" transaction is governed by basic contract law:

a. The securitization scheme involved a pre-existing agreement that the Plaintiffs (the alleged borrower) were not a party to, which denied them the opportunity to negotiate, and subjected them to a higher cost of the "loan" because there were undisclosed parties involved.

b. The entity advertising itself as the "lender", WFB, borrowed to obtain funds to "loan" to Plaintiffs.

c. The funds were obtained by the sale of the alleged borrower's promissory note. "Promises to pay" are "credit instruments." When a bank or financial institution gives a "loan" they are giving "credit" or "credit instruments", not lawful money. It is an exchange. Therefore there was no consideration, and the alleged borrower's note was taken, converted (civil theft), sold, and the proceeds returned to the alleged borrower in the form (not substance) of a loan,

d. When the note was taken it was then supposed to be deposited into a trust and used with others for the benefit of unknown and undisclosed investors (indispensable parties - the real parties in interest).

5. There are only two real parties in interest, the investors in the mortgage-backed securities and the Plaintiffs. Obviously, there is no contract between the real parties in interest. None of the foregoing was authorized by or disclosed to the real parties in interest and constitutes fraudulent misrepresentation. There was no meeting of the minds, a mandatory requirement for a valid contract. No meeting of the minds makes the purported agreement void, not voidable.

6. Plaintiffs allege that the real transaction between the borrower and the lender is undocumented, and that the parties at closing used WFB as a paid straw man instead of the

real lender. The parties then used documents from the straw man to give credence to the appearance that the closing documents actually described the transaction when in fact they did not.

7. Plaintiffs deny that a default has occurred, since, on information and belief, the servicer is continuing payment to the real creditor/lender pursuant to the terms of the PSA and Prospectus. Plaintiffs deny that they have defaulted on any valid loan obligation.

8. Plaintiffs deny the authority of the foreclosing parties to declare a default, and deny the authority of the foreclosing parties to initiate sale under the power of sale both because the documents showing the authority are absent and because the mortgage itself is defective in that it was procured through fraud in the inducement, and is defective in that it purports to create a security interest in a debt that is denied.

9. Plaintiffs allege that they have equity in the property. If the mortgage is not a valid lien, and the trustee's sale was defective and void, the equity is there.

10. Plaintiffs allege that the burden of proof is upon the Defendants to prove that the mortgage is valid or enforceable.

11. Plaintiffs allege waiver and abandonment of claim as an affirmative defense because the real creditor-lender has opted not to enforce any claim, equitable or legal, against them.

12. Plaintiffs allege that Defendants' own exhibits show that Defendants failed to comply with the terms of their own governing agreements, (the PSA, Prospectus, etc), New York trust law, and the IRS Code. Consequently all of the documents and exhibits created and

1    filed by them are false and misleading and without force or effect.

2

3    **Plaintiffs' Objection to Defendants' Exhibits**

4

5    13. Attorney's arguments or statements are not evidence. Defendants' motions argue and

6    assume facts which are not in evidence or are in dispute.

7

8    14. No evidence has been presented that Defendants are in possession of, are the holder of,

9    or are the agent for the holder of the alleged obligation in the record. If Defendants claim

10   such evidence exists, Plaintiffs demand a show of proof for the record.

11

12   15. All of the exhibits and documents have been submitted and presented by Defendants'

13   attorneys, and not by a person with personal knowledge of the authenticity of the

14   documents. The exhibits and documents are inadmissible hearsay.

15   16. All of the exhibits and documents are uncertified and have been submitted without

16   any compliance with the rules of evidence, as Defendants provide no declaration

17   authenticating any of the documents. There is no certification from an employee of any

18   Defendant entity that such party works for the entity and has been delegated the authority of

19   "custodian" of records. There is no certification that they have those documents in their

20   "custody," or that they have personal first-hand knowledge of the information contained

21   within them, who executed them, who delivered them, and who transferred them.

22   17. Plaintiffs once again object to the Limited Power Of Attorney (LPOA) dated December

23   11, 2008 upon which the bankruptcy court relied in lifting the automatic stay. The LPOA

24   was issued by US BANK NA forty seven days <u>before</u> the January 27, 2009 Assignment of

25   the Deed of Trust to US BANK NA and consequently had no authority to confer. A close

1  reading of the LPOA reveals that the language neither asserts nor confers any authority

2  whatsoever. The LPOA is a false and misleading document. (See Exhibits "A" and "B")

3  18. During Plaintiff Bailey's bankruptcy proceedings, Defendant WFB falsely asserted that

4  it was the owner and holder of the note, an impossible statement in view of the

5  securitization of the "loan", which required the sale and transfer of the "loan" to the Trust

6  on or prior to February 26, 2006. On information and belief, WFB was merely the servicer

7  of the "loan" at the time it filed its motion for relief from the automatic stay. When

8  challenged, WFB admitted that its assertion was false, but stated that this was "a fact of no

9  consequence", because it could now provide the bankruptcy court with a LPOA from US

   Bank, NA, who was (allegedly) the real holder and owner of the Note. As set forth above,

10 the LPOA was issued some 47 days prior to the Assignment of Deed of Trust to US Bank,

11 NA. The LPOA is thus a false, misleading and defective document and confers no power or

12 authority upon WFB.

13 19. Plaintiffs deny the authenticity, authority and effectiveness of the closing documents in

14 the "loan" transaction since they describe a transaction that did not occur:

15      a. As this was a table-funded transaction among undisclosed parties, the real lender

16 was concealed so the lender was improperly identified. WFB, the sponsor of the securities

17 scheme, and later the "loan servicer", was falsely and misleadingly named as the "lender" in

18 the closing documents.

19      b. The "loan" was securitized so the terms of the transaction are not properly alleged

20 by Defendants unless the allegations show both the homeowner's closing documents and the

   documents relied upon by the investors (prospectus, PSA etc.)

21

22 20. Plaintiffs deny the alleged Promissory Note, since it is not evidence of the actual

23 transaction between the parties.

24

25 21. Further, the copy of the alleged Note provided by Defendants as a true and correct copy

1   cannot be authentic because it carries none of the endorsements required by the trust

2   agreements. Plaintiffs accordingly object to the copy of the Note.

3

4   22. Plaintiffs never received an executed copy of the alleged promissory note or agreement

5   which Defendants claim possesses their bona fide signature. California Uniform

   Commercial Code section 3308 states that the burden of proof of establishing validity is on

6   the person claiming validity. See California Commercial Code section 3308

7   <http://www.leginfo.ca.gov/cgi-bin/displaycode?section=com&group=03001-

8   04000&file=3301-3312>.

9

10   23. Plaintiffs deny the Deed of Trust or mortgage deed, since it purports to secure a

11   defective Note.

12

13   24. Plaintiffs deny the Notice of Substitution of Trustee since it is based upon false

   documentation and authority.

14

15   25. Plaintiffs deny the Notice of Default since it is based upon false documentation and

16   authority.

17

18   26. Plaintiffs deny the Notice of Trustee's Sale since it is based upon false documentation

19   and authority.

20

21   27. Plaintiffs deny the validity of the Trustee's Sale since it was based upon false

   documentation and authority.

22

23   28. Plaintiffs deny the Trustee's Deed upon Sale since it is based upon false documentation

24   and authority.

25

## Objection to Declaration of Jarlath M. Curran II.

29. Plaintiffs object to the Declaration of Jarlath M. Curran II, which states that the Defendants' legal costs in the instant litigation will be in the region of $75,000.

30. The instant litigation could be resolved with a minimum of time and expense if the Defendants would simply produce admissible authentic documents and declarations that establish their foundation, to wit, the Trust Agreements, the Promissory Note with all necessary endorsements showing that the "loan" was timely and properly placed into the Trust, and the Custodian's certificate or receipt certifying to the foregoing, all of which are presumably contained in the Plaintiffs' custodial file which remains in the sole possession and custody of the Defendants.

31. Any other action on the part of Defendants is dilatory and wasteful of the Court's time. Defendants pleadings appear to be improper attempts at distracting the Court from addressing the genuine issues of material fact raised by the Plaintiffs.

32. On information and belief, Defendants are not capable of proving their position, in view of the broken chain of title and the complete absence of any documentary evidence that they complied with the terms of their own Trust Agreement, New York Trust Law and the Internal Revenue Code.

## Conclusion.

Defendants have failed to show that they are holders in due course and real parties in interest, but they are asking the Court to overlook and ignore the defects in their documentation and the fact that they have failed to "observe the historic protocol." Adams v. Madison Realty, 853 F.2d 163, 169 (3d Cir. 1988) "Financial institutions, noted for insisting on their customers' compliance with numerous ritualistic

formalities, are not sympathetic petitioners in urging relaxation of an elementary business practice. It is a tenet of commercial law that 'holdership and the potential for becoming holders in due course should only be accorded to transferees that observe the historic protocol.'" The Court should not admit the foregoing documents into evidence, and should order them purged from the record. The Court should order the Defendants to produce the "collateral folder" containing Plaintiffs' loan, along with certification that the contents have not been accessed or altered since the closing of the Trust in February, 2006.

Respectfully submitted this June 23rd, 2011

**Andrew C. Bailey, Plaintiff, Pro Se**

**Constance B. Marlow, Plaintiff, Pro Se**

**Copy of the foregoing mailed on June 23, 2011 to:**

Jarlath M. Curran, ll

Suzanne M. Hankins

Severson and Werson APC

19100 Von Karman Ave Ste 700

Irvine, CA 92612

Attorneys for Defendants

WHEN RECORDED MAIL TO:

## LIMITED POWER OF ATTORNEY

**U.S. Bank National Association** ("U.S. Bank"), a national banking association organized and existing under the laws of the United States of America, 1 Federal St., Corporate Trust, 3rd Floor, Boston, MA 02110, hereby constitutes and appoints Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc. and in its name, aforesaid Attorney-In-Fact, by and through any officer appointed by the Board of Directors of Wells Fargo Bank, NA, to execute and acknowledge in writing or by facsimile stamp all documents customarily and reasonably necessary and appropriate for the tasks described in the items (1) through (4) below; provided however, that the documents described below may only be executed and delivered by such Attorneys-In-Fact if such documents are required or permitted under the terms of the related servicing agreements and no power is granted hereunder to take any action that would be adverse to the interests of the Trustee of the Holder. This Power of Attorney is being issued in connection with Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc.'s, responsibilities to service certain mortgage loans (the "Loans") held by U.S. Bank in its capacity as Trustee. These Loans are comprised of Mortgages, Deeds of Trust, Deeds to Secure Debt and other forms of Security instruments (collectively the "Security Instruments") and the Notes secured thereby.

1. Demand, sure for, recover, collect and receive each and every sum of money, debt, account and interest (which now is, or hereafter shall become due and payable) belonging to or claimed by U.S. Bank National Association, and to use or take any lawful means for recovery by legal process or otherwise.

2. Transact business of any kind regarding the Loans, and obtain an interest therein and/or building thereon, as U.S. Bank National Association's act and deed, to contact for, purchase, receive and take possession and evidence of title in and to the property and/or to secure payment of a promissory note or performance of any obligation or agreement.

3. Execute bonds, notes, mortgages, deeds of trust and other contracts, agreements and instruments regarding the Borrowers and/or the Property, including but not limited to the execution of releases,

EXHIBIT "A" Page 1.

satisfactions, assignments, and other instruments pertaining to mortgages or deeds of trust, and execution of deeds and associated instruments, if any, conveying the Property, in the interest of U.S. Bank National Association.

4.  Endorse on behalf of the undersigned all checks, drafts and/or other negotiable instruments made payable to the undersigned.

**Witness** my hand and seal this 11th day of December, 2008.

Witness: Marjorie Huang

Witness: Ana Wang

Attest: Paul J. Gobin,
Account Administrator

U.S. Bank National Association, as Trustee

By: _____
James H. Byrnes, Vice President

By: _____
Lorie October, Vice President

FOR CORPORATE ACKNOWLEDGMENT

State of Massachusetts

County of Suffolk

On this 11th day of December, 2008, before me, the undersigned, a Notary Public in and for said County and State, personally appeared James H. Byrnes and Lorie October personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed the within Instrument as Vice President and Vice President, respectively of U.S. Bank National Association, and known to me to be the person who executed the within instrument on behalf of the corporation therein named, and acknowledge to me that such corporation executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.

WITNESS my hand and official seal.

Signature: _____
Catherine R. Brown
My commission expires: 07/11/2014

(SEAL)



EXHIBIT "A" PAGE 2.

2

(153)



01/29/2009

*20090117288*

Recording Requested By:
FIRST AMERICAN LOANSTAR TRUSTEE SERVICES

When Recorded Mail To:
FIRST AMERICAN LOANSTAR TRUSTEE SERVICES
P.O. BOX 961253
FT WORTH, TX 76161-0253

_____
Space above this line for Recorder's use only

APN:        5626-005-004
TS No. :    2008907031??70                    Title Order No. :   3945036

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned corporation hereby grants, assigns, and transfers to:

US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR WFMBS 2006-AR2

all beneficial interest under that certain Deed of Trust dated:  11/16/2005 executed by

**ANDREW CAMERON BAILEY CONSTANCE BAXTER MARLOW**

Trustor(s), to **FIDELITY NATIONAL TITLE INS CO**, as Trustee, and recorded on 12/2/2005 as Instrument No. 05 2946072, in Book , Page  in the office of the County Recorder of LOS ANGELES County, CALIFORNIA together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

Dated : 1/27/09

WELLS FARGO BANK, N.A. BY FIRST AMERICAN
LOANSTAR TRUSTEE SERVICES, LLC, ITS ATTORNEY IN
FACT

By:  Chet Sconyers, Certifying Officer

State of        **TEXAS**

County of       **TARRANT**

Before me _____ **Shaunte D. Williams** _____ , on this day personally appeared,
_____ Chet Sconyers _____ , known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that this person executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _27_ day of _Jan_ , A.D. _2009_

(Notary Seal)

**Shaunte D. Williams**

SHAUNTE D. WILLIAMS
Notary Public, State of Texas
My Commission Expires
May 23, 2012

21

EXHIBIT "B"