SUZANNE M. HANKINS (State Bar No. 157837)
smh@severson.com
JARLATH M. CURRAN, II (State Bar No. 239352)
jmc@severson.com
SEVERSON & WERSON, A Professional Corporation
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone: (949) 442-7110; Facsimile: (949) 442-7118

MARK D. LONERGAN (State Bar No. 143622)
SEVERSON & WERSON, A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344; Facsimile: (415) 956-0439

Attorneys for Defendants
WELLS FARGO BANK, N.A. (erroneously sued as Wells Fargo Home Mortgage and Wells Fargo Asset Securities Corporation) and U.S. BANK, NATIONAL ASSOCIATION, as Trustee for WFMBS 2006-AR2

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CAMERON BAILEY, CONSTANCE BAXTER MARLOW,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. BANK NA as Trustee for WFMBS 2006-AR2; WELLS FARGO BANK NA; WELLS FARGO HOME MORTGAGE; WELLS FARGO ASSET SECURITIES CORPORATION; LEHMAN BROTHERS INC; and All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien, Or Interest in The Property Described in The Complaint Adverse to Plaintiffs' Title, Or Any Cloud On Plaintiffs' Title Thereto; and JOHN DOES "1-10" inclusive,<br><br>Defendants. | Case No. CV11-3227 GW (CWx)<br>Hon. George H. Wu<br>Ctrm. 10 - Spring St.<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>Date: July 14, 2011<br>Time: 8:30 a.m.<br>Ctrm: 10<br><br>Complaint Filed: April 15, 2011 |

11960/0257/937119.1

Reply to Opposition to Motion to Dismiss
Case No. CV11-3227 GW (CWx)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' opposition does nothing to support their claims. Specifically, to avoid the barring effect of res judicata, Plaintiffs argue that res judicata does not apply because fraud claims are not litigated in an unlawful detainer action. Plaintiffs do not assert a fraud claim. And, more importantly, the judgment that forms the basis of Defendants' argument is from an adversary action, not an unlawful detainer. Thus, Plaintiffs' argument makes no sense.

Plaintiffs then argue that res judicata does not apply to Plaintiff Marlow as she was not the debtor in the prior bankruptcy. She was, curiously, a petitioning creditor. Her involvement in the bankruptcy puts her in privity with Mr. Bailey and, therefore, the judgment obtained in favor of Defendants applies equally to Ms. Marlow.

Plaintiffs make no attempt to defend their TILA claims. Likewise, Plaintiffs fail to appreciate that there is no relief available under Civil Code section 2923.5 as the foreclosure sale has gone forward.

To support their claim that Defendants lack "standing" to enforce the loan, Plaintiffs simply restate the failed allegations contained in their complaint. Such allegations are simply insufficient.

Finally, Plaintiffs make an desperate attempt to seek relief under TARP. However, TARP does not provide a private right of action.

Plaintiffs have shown a complete inability, in both this matter and the prior adversary action, to state a cause of action against Defendants. Therefore, Defendants respectfully request that the Court grant their motion to dismiss with prejudice.

## II. PLAINTIFFS' CLAIMS WERE ADJUDICATED IN THE ADVERSARY ACTION

To avoid res judicata, Plaintiffs argue that (1) actions under California's *Code of Civil Procedure* §1161a do not require a defendant to litigate claims involving fraud; and (2) privity does not exist with respect to Plaintiff Marlow as she was not involved in Plaintiff Bailey's Arizona Bankruptcy. (Opp., ¶7.) Plaintiffs' arguments fail.

First, Plaintiffs essentially concede that res judicata ***does*** apply to Mr. Bailey. Therefore, Defendants' motion to dismiss as to the claims of Mr. Bailey should be granted with prejudice.

Second, Section 1161a deals with unlawful detainer proceedings, not an adversary action. Adversary complaints are not summary in nature and, therefore, the limitations Plaintiffs argue are irrelevant.

Finally, Plaintiff Marlow is in privity with Mr. Bailey. "Under the requirement of privity, only parties to the former judgment or their privies may take advantage of it or be bound by it. [Citation.] A party in this connection is one who is 'directly interested in the subject matter, and had a right to make a defense, or control the proceeding, and to appeal from the judgment.'" *Bernhard v. Bank of America Nat. Trust & Savings Ass'n.*, 19 Cal.2d 807, 809 (1942) (citations omitted). "A nonparty should reasonably be expected to be bound if he had in reality contested the prior action even if he did not make a formal appearance. Thus, collateral estoppel has been applied against nonparties who had a proprietary or financial interest in and control of, a prior action." *Lynch v. Glass*, 44 Cal.App.3d 943, 946 (1975).

"The concept of privity has been substantially expanded in recent years as courts increasingly give weight to considerations of judicial economy and finality of judgments in binding parties to prior judicial determinations. 'Courts are no longer bound by rigid definitions of parties or their privies for purposes of applying

1  collateral estoppel or res judicata." *MCA Records, Inc. v. Charly Records, Ltd.*,
2  865 F.Supp. 649, 654 (C.D. Cal. 1994); citing *United States v. ITT Rayonier, Inc.*,
3  627 F.2d 996, 1003 (9th Cir. 1980. Due process requirements are met if the party to
4  be estopped ". . . had an identity or community of interest with, and adequate
5  representation by, the losing party in the first action as well as that the
6  circumstances must have been such that the party to be estopped should reasonably
7  have expected to be bound by the prior adjudication. . . ." *Id.* citing *Clemmer v.*
8  *Hartford Ins. Co.*, 22 Cal.3d 865, 875 (1978).

9  Strangely, while Plaintiff Marlow attempts to distance herself from Mr.
10 Bailey's bankruptcy, she is listed as a petitioning creditor on Mr. Bailey's
11 bankruptcy petition. (Involuntary Petition, RJN, Ex. E.) As Ms. Marlow was
12 involved in the underlying bankruptcy, she cannot now attempt to distance herself
13 from the corresponding adversary complaint in what can only be seen a bad faith
14 attempt to keep the Property in litigation for as long as possible.

15 **III. PLAINTIFFS PRESENT NO OPPOSITION TO DEFENDANTS'**
16 **MOTION WITH RESPECT TO TILA**

17 Defendants' motion challenged Plaintiffs' TILA claim on the grounds that
18 (1) Plaintiffs did not allege a failure to provide a material disclosure; (2) the request
19 for damages is time barred; (3) the request for rescission is time barred; (4)
20 Plaintiffs' right to rescission was cancelled by the foreclosure sale; and (5)
21 Plaintiffs' fail to alleged tender. The opposition makes no attempt to address these
22 arguments and, as such, Plaintiffs admit to their validity. Therefore, Defendants
23 motion to dismiss Plaintiffs' TILA claims should be granted with prejudice.

24 **IV. THERE IS NO POST-FORECLOSURE RELIEF UNDER CIVIL**
25 **CODE §2923.5**

26 Plaintiffs' opposition still fails to appreciate that Civil Code §2923.5 does not
27 provide for post-foreclosure relief. *Mabry v. Superior Court* (2010) 185
28

Cal.App.4th 208, 235. As the foreclosure sale took place on August 24, 2010, Section 2923.5 does not apply. (Trustee's Deed Upon Sale, RJN, Ex. K.)

## V. PLAINTIFFS' STANDING ARGUMENT STILL FAILS

### A. Defendants Are Not Obligated to Prove Their Ownership of the Loan Prior to Foreclosure

Not surprisingly, Plaintiffs make no attempt to address the ruling in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149 (2011), in which the court ruled that "nowhere does [Civ. Code §2924] provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized and we see no ground for implying such an action." *Id.* (citing *Lu v. Hawaiian Gardens Casino, Inc.*, (2010) 50 Cal.4th 592, 596). The instant case is no different than *Gomes*. Allowing it to proceed, "would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." *Id.* at *4.

Likewise, with the exception of restating the failed allegations in their complaint, Plaintiffs provide no grounds for their claim that Defendants failed to properly securitize the subject loan. As stated in Defendants' motion, this argument has also been rejected by many district courts. *Lane v. Vitek Real Estate Industries Group*, 713 F.Supp.2d 1092, 1099 (2010) (citing *Benham v. Aurora Loan Services* (N.D. Cal. 2009) 2009 WL 2880232 at *3 ("Other courts…have summarily rejected the argument that companies like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool."); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, (N.D. Cal. 2009) 652 F.Supp.2d 1039, 1042-43; see also *Mulato v. WMC Mortg. Corp.*, (N.D. Cal. 2010) 2010 WL 1532276, at *2 (rejecting Plaintiff's claim that securitization of her mortgage note deprived defendants of standing to foreclose).

**B. Possession of the Note is Not a Prerequisite to Foreclosure**

Plaintiffs' argue that their action is more than a "produce the note" request. (Opp., ¶1.) But, in practically the same breath, Plaintiffs contend that Defendants motion failed to prove "that the Note was properly and timely endorsed to U.S. Bank National Association pursuant to the Pooling and Servicing Agreement..." (*Id.*) In other words, Plaintiffs challenge Defendants' right to foreclosre on the grounds that Defendants did not produce the note and endorsement of the note in support of their motion to dismiss. This argument is still falls under the rejected "produce the note" theory.

## VI. THERE IS NO PRIVATE RIGHT OF ACTION UNDER TARP

Plaintiffs make a passing reference to Defendants' purported violation of their obligations under TARP. (Opp., ¶8.) As with the other theories supporting Plaintiffs' complaint, Plaintiffs have no claim under TARP.

"[T]here is no private right of action under the EESA" [Emergency Economic Stabilization Act (Pub. L. 110-343, Oct. 3, 2008)] and it does not apply to financial institutions such as Defendants. *Mangosing v. Wells Fargo Bank, N.A.*, 2009 WL 1456783, at *1 (D. Ariz. 2009), citing 12 U.S.C. § 5220(a). Nor do Plaintiffs identify a provision of TARP [Troubled Asset Relief Program, established by the EESA] which would confer a right of action. *See Rowley v. Am. Home Assur. Co.*, 2009 WL 700684, at *1 (E.D. La. 2009). Accordingly, since these acts do not provide a private right of action, they cannot form the basis of a breach of statutory duties claim. *See ASKD NV v. Hartford Fin. Servs. Group, Inc.*, 2005 WL 5714359, at 3 (C.D. Cal. 2005); *Manstream v. U.S. Dep't of Agriculture*, 649 F.Supp. 874, 881-82 (M.D. Ala. 1986).

## VII. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their motion to dismiss without leave to amend.

DATED: June 30, 2011

SEVERSON & WERSON
A Professional Corporation

By: */s/Jarlath M. Curran II*
SUZANNE M. HANKINS
JARLATH M. CURRAN, II
Attorneys for Defendants
WELLS FARGO BANK, N.A.
(erroneously sued as Wells Fargo Home Mortgage and Wells Fargo Asset Securities Corporation) and U.S. BANK, NATIONAL ASSOCIATION, as Trustee for WFMBS 2006-AR2

## **CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine, California. My business address is Severson & Werson, 19100 Von Karman Avenue, Suite 700, Irvine, California 92612.

On the date below I served the within document(s) described as: **REPLY TO OPPOSITION TO MOTION TO DISMISS** on the interested parties in this action:

☒ by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) ☐ addressed as follows: ☐ address as stated on the attached mailing list.

Andrew Cameron Bailey             Plaintiffs in pro per
Constance Baxter Marlow
153 Western Avenue
Glendale CA 91201

☐ **BY MAIL** (C.C.P. § 1013(a)) - I deposited such envelope(s) for processing in the mail room in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒ **BY FEDERAL EXPRESS** - by depositing copies of the above document(s) in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on June 30, 2011, at Irvine, California.

By: _____
LINDA D. OWEN

11960/0257/937119.1

Proof of Service
Case No. CV11-3227 GW (CWx)