**MADE JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CAMERON BAILEY, et al., <br><br> Plaintiff, <br><br> v. <br><br> U.S. BANK NA AS TRUSTEE FOR WFMBS 2006-AR2, et al., <br><br> Defendants. | No. CV 11-3227-GW(CWx) <br><br> **RULING ON MOTION TO DISMISS AND PLAINTIFFS' MOTION TO CONSOLIDATE CASES** |

<u>*Bailey, et al. v. U.S. Bank NA as Trustee for WFMBS 2006-AR2, et al.*,</u>
Case No. CV-11-3227
Ruling on: (1) Defendants' Motion to Dismiss, and (2) Plaintiffs' Motion to Consolidate Cases

Set for hearing on July 14, 2011, are a motion to dismiss filed by Wells Fargo Bank, N.A. ("Wells") and U.S. Bank, National Association, as Trustee for WFMBS 2006-AR2 ("U.S. Bank"), and a motion to consolidate this action with an unlawful detainer action (*i.e.* Case No. CV-11-3770) that pro per plaintiffs Andrew Cameron Bailey and Constance Baxter Marlow (collectively "Plaintiffs") have removed from state court to this federal court. Simultaneously, a motion to remand is set for hearing on July 14, 2011, in connection with that removed unlawful detainer matter. Insofar as the unlawful detainer matter will be remanded, there is nothing for this Court to consolidate, meaning that the latter of the two motions mentioned above is denied.

As to the first motion – the motion to dismiss – Wells and U.S. Bank raise numerous reasons why this matter should be dismissed. The Court need not reach all of them. The Complaint sets forth two causes of action – quiet title and injunctive relief – and predicates its jurisdictional allegations on the Declaratory Judgment Act. As the Court noted in an earlier order denying Plaintiffs' request for a temporary restraining order (*see* Docket No. 4), the Court does not have jurisdiction over this matter pursuant to the Declaratory Judgment Act. *See Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1278 n.19 (2009) ("[T]he Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts; it is 'procedural only.'") (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)); *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 19 (1983); *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1090-91 (9th Cir. 2002).

To the extent Plaintiffs assert this Court has subject matter jurisdiction over this action because of their allegations concerning the Truth in Lending Act ("TILA"), their TILA claim (to the extent the Court perceives one in addition to, or in place of, the express claims presently set forth) is, on the face of the Complaint, time-barred. *See* Complaint ¶¶ 22, 27-30; 15 U.S.C. §§ 1635(f), 1640(e). Plaintiffs also have not supported – either in their Complaint or in their Opposition brief on the banks' motion to dismiss – their assertion that a "pre-existing Purchase Agreement," *see* Complaint ¶¶ 28-29, was in any way subject to required disclosure pursuant to TILA. The TILA claim, therefore, would be dismissed without leave to amend. Once it is, this Court only has jurisdiction over the remaining claims pursuant to supplemental jurisdiction. It would decline to exercise that supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), meaning that the case would be dismissed without prejudice and will have to, if at all, be

1

litigated in state court.[1]

Dated: This 12th day of July, 2011.

                                                          _____
                                                          GEORGE H. WU
                                                          United States District Judge

---

[1] Although Wells and U.S. Bank also argue that *res judicata* applies, and it likely does (at least as to Bailey), the parties may litigate that issue in state court, assuming Plaintiffs re-file this action – minus the TILA allegations – in that forum.  The banks' failure, at this time, to convincingly support their *res judicata* argument as to Marlow, their reliance on California *res judicata* principles – whereas the prior proceeding was held in U.S. Bankruptcy Court in Arizona – and their mixing and matching of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) principles are at least three reasons that the Court would not summarily dispose of Plaintiffs' claims on this ground at this time, before declining supplemental jurisdiction.